UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH WARE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | CAUSE NO. 3:07-CV-584 RM |
| vs. ) | |
| ) | |
| RAYMOND W. RIZZO, *et al.*, ) | |
| ) | |
| Defendants ) | |

ORDER

Keith Ware, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Cf. FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965, *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Ware alleges that the defendant members of the parole board denied him due process when they refused to compel the production of evidence on his behalf at a parole board hearing on November 2, 2006. In Indiana, a prisoner is not entitled to due process during a parole hearing. Averhart v. Tutsie, 618 F.2d 479 (7th Cir. 1980). Though Indiana amended its parole statute after Averhart was decided,

> Under the analysis of that case, the new Indiana regime (as the Executive Branch of Indiana interprets and administers that regime) is no different from the old, and a prisoner has neither a liberty nor a property interest in his application for parole.

Huggins v. Isenbarger, 798 F.2d 203, 206 (7th Cir. 1986). Though Indiana has further amended its parole statute since Huggins, see INDIANA CODE 11-13-3 *et seq.*, the result is not different. Indiana has not created a protectable liberty interest in parole. Mr. Ware received all of the due process to which he was entitled when he was convicted and sentenced for his crime.

Therefore this case is DISMISSED pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: December _3_, 2007

                                                                 /s/ Robert L. Miller, Jr.
                                                                 Chief Judge

United States District Court